21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Prasit PORNPOMTADA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Somchai AMASUDA, Defendant-Appellant.
 Nos. 92-50758, 92-50764.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1993.
Decided April 12, 1994.
 
 Before: BROWNING, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendants Prasit Pornpomtada and Somchai Amasuda appeal denial of their motion to dismiss their indictment. "A denial of a motion to dismiss an indictment based on claims of outrageous Government conduct involves a question of law and is reviewed de novo." United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991).
 
 
 3
 "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87 (1963) (emphasis added). At a status conference on August 31, 1992, defendants' counsel stated that defendants were asking the Government to produce the informant. The court stated: "I think a declaration by your clients as to what occurred is called for and also a motion by you to produce the people that you think need to be produced, and then I'll look at what the government has to say and I'll make a decision as to who needs to be produced." No motion was filed.
 
 
 4
 Further, the confidential informant was not a material witness because appellants' allegations that the informant's testimony would help establish their defenses of outrageous government conduct and entrapment as a matter of law were tenuous at best. "The mere suspicion that information will prove helpful is insufficient to require disclosure." United States v. Sai Keung Wong, 886 F.2d 252, 256 (9th Cir.1989).
 
 
 5
 Appellants argue the government engaged in outrageous government conduct. However, appellants have not shown that the government agents engineered and directed the criminal enterprise from start to finish. See United States v. Emmert, 829 F.2d 805, 812-13 (9th Cir.1987). The district court correctly concluded the government's interception of the ongoing criminal enterprise did not constitute direction and engineering of the crime.
 
 
 6
 "In order to show that entrapment exists as a matter of law, there must be undisputed testimony making it patently clear that an otherwise innocent person was induced to commit the act complained of by trickery, persuasion, or fraud of a government agent." United States v. Hsieh Hui Mei Chen, 754 F.2d 817, 821 (9th Cir.), cert. denied, 471 U.S. 1139 (1985); see also United States v. Skarie, 971 F.2d 317, 320 (9th Cir.1992). "A defense of entrapment has two elements: government inducement of the crime and the absence of predisposition on the part of the defendant." Skarie, 971 F.2d at 320. Appellants have not shown that the government induced them to commit the criminal act. Further, when a government agent first approached Pornpomtada and Amasuda, at the Los Angeles International Airport, they were already "disposed to commit the criminal act." Id. Therefore, they cannot claim they were entrapped as a matter of law.
 
 
 7
 We AFFIRM the district court's denial of the motion to dismiss the indictment.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3